IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC ANTOINE REED, | § | |
| Petitioner, | § § § | |
| v. | § | 2:11-CV-115 |
| RICK THALER, Director, Texas Dep't of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner ERIC ANTOINE REED has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the Texas Department of Criminal Justice (TDCJ) parole board's denial of parole. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

I.
PROCEDURAL HISTORY

On November 22, 1982, in the 209th District Court of Harris County, Texas, petitioner pled guilty to first-degree murder. He received a sentence of life imprisonment. The procedural history of the underlying criminal case is not pertinent to the disposition of the instant habeas corpus proceedings.

Petitioner has a history with the federal courts of challenging the parole board's actions via federal habeas corpus petition. On April 22, 2011, the Court received in cause number 2:11-CV-085 a civil rights complaint from petitioner. Review of the complaint revealed it to be a mixed petition, containing both habeas corpus and section 1983 civil rights claims. Therefore, the Court severed those claims from the complaint that appeared grounded in habeas corpus from those grounded in civil rights. In doing so, the Court created a new cause number, 2:11-CV-093, in which to address the claims properly brought in a habeas corpus petition. Subsequent to the creation of that habeas corpus case (2:11-CV-093), the Court, on May 27, 2011, received the instant habeas corpus petition.

The main habeas corpus claim presented in 2:11-CV-093 appears to be that the parole board violated petitioner's due process rights and the Ex Post Facto Clause by applying parole laws enacted after petitioner's 1982 conviction in making its determination to deny petitioner parole. Petitioner makes the same claims in the 2:11-CV-093 petition as he makes in the instant habeas action, 2:11-CV-115. Petitioner may have been confused about the necessity of the petition in the instant case because not only does petitioner raise in this case issues identical to those raised in 2:11-CV-093, but he requests in a letter attached to the petition in this case that the Court dismiss his civil rights complaint and allow him to proceed in habeas corpus. Whatever his reasons for filing the instant pleadings, the pleading in this case and the relief sought are clearly identical to those in 2:11-CV-093.

## II.
## THE SUCCESSIVE PETITION IS UNAUTHORIZED

Title 28 U.S.C. section 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*

This Court is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief. Rather, the Court is able to address the merits of petitioner's contentions only in the first-filed case, cause number 2:11-CV-093.

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider the merits of the instant petition for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner ERIC ANTOINE REED be DISMISSED as successive.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).